**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE SEARCH** | § | |
| **OF INFORMATION ASSOCIATED** | § | |
| **WITH ONE EMAIL ACCOUNT THAT** | § | **Crim. No. 4:23-MJ-174-KPJ** |
| **IS STORED AT PREMISES** | § | |
| **CONTROLLED BY GOOGLE, INC.** | § | |
| | § | |

## REDACTED AMENDED OPINION AND ORDER

Pending before the Court is Movant's Motion to Quash Search and Seizure Warrant (the "Motion") (Dkt. 3), wherein Movant seeks to quash the search warrant issued as to his personal email address.[1] *See id.* at 1. The Government filed a response (Dkt. 4) opposing the Motion (Dkt. 3), and Movant filed a reply (Dkt. 5). Upon consideration, the Motion (Dkt. 3) is hereby **DENIED**.

## I.     BACKGROUND

On April 24, 2023, the Government filed an application and affidavit in support of a search warrant (the "Search Warrant Application and Affidavit") (Dkt. 1), requesting information associated with two email accounts, a personal email address and a professional email address, both of which are stored at premises controlled by Google, Inc. ("Google"), and are related to allegations that Movant committed violations of 18 U.S.C. § 1343 (Wire Fraud). *See id.* at 2–3. In the Affidavit (Dkt. 1), the Federal Bureau of Investigation Agent swears there is probable cause to believe Movant committed wire fraud. *See id.* at 4. The Agent further swears Movant communicated using the email addresses with others regarding alleged unlawful expenses and in relation to different allegedly unlawful transactions. *See id.* at 4–8.

---

[1] This Opinion and Order, although filed in a sealed case, will be made publicly available. Identifying information and sealed information has been redacted and, as noted in the Opinion and Order, Movant is already aware of the existence of the Search Warrant (Dkt. 2).

On April 24, 2023, a search and seizure warrant was issued as to Movant's personal email address pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703 (the "Search Warrant") (Dkt. 2).[2] Attachment A to the Search Warrant (Dkt. 2) states that the property to be searched applies to information associated with the personal email address, which is stored at premises controlled by Google. *See id.* at 3. Section I of Attachment B to the Search Warrant (Dkt. 2) sets forth information to be disclosed by Google, and Section II sets forth information to be seized by the Government. *See id.* at 4–6. Specifically, Section II states in relevant part:

> All information described above in Section I that constitutes evidence, fruits, and instrumentalities of violations of Title 18 United States Code Sections 1343, those violations involving [Movant], and others occurring on or after July 31, 2018, and on or before April 17, 2023, including for each email account or identifier listed in Attachment A pertaining to the following matters:

*Id.* at 5–6. Following the colon, the Search Warrant (Dkt. 2) sets forth four different subject matter categories . . . .

On May 3, 2023, Google informed Movant of the Search Warrant (Dkt. 2). *See* Dkt. 3 at 1–2. On May 5, 2023, Movant filed the Motion (Dkt. 3) asserting he has an objectively reasonable expectation of privacy in his Google email account and, as such, his Google email account is protected by the Fourth Amendment and the Stored Communications Act, 18 U.S.C. § 2701 *et. seq.* (the "Stored Communications Act" or "SCA"). *See* Dkt. 3 at 2. Movant further asserts his Google email account contains privileged information, including attorney-client information. *See id.* at 1. Movant argues the Search Warrant (Dkt. 2) is an "impermissible general warrant" and the Search Warrant (Dkt. 2) is not saved by the scope of the Affidavit (Dkt. 1) because the Search Warrant (Dkt. 2) does not incorporate the Affidavit (Dkt. 1). Dkt. 3 at 4.

---

[2] The Search Warrant Application and Affidavit (Dkt. 1) additionally requests a search of another email address—the professional email address. *See id.* at 2. Movant does not move to quash the Search Warrant (Dkt. 2) as to the professional email address and, therefore, the Court does not analyze the Search Warrant (Dkt. 2) in relation to this email address.

On May 19, 2023, the Government filed its response (Dkt. 4), wherein the Government represents that Google's processing of the Search Warrant (Dkt. 2) has been suspended until the Motion (Dkt. 3) is resolved. *See* Dkt. 4 at 1. The Government argues Movant does not have standing to challenge the Search Warrant (Dkt. 2) before its execution. *See* Dkt. 4 at 1–4 (citing *In Re the Search of Information Associated With One Account Stored At the Premises Controlled by Facebook, Inc.*, No. 21-SC-1386 (GMH), 2021 WL 2302800, at *2–3 (D.D.C. June 4, 2021)). On May 23, 2023, Movant filed a reply (Dkt. 5), wherein Movant asserts he has standing to challenge the Search Warrant (Dkt. 2) under the Fourth Amendment. *See* Dkt. 5 at 1–4.

## II.    LEGAL ANALYSIS

The Stored Communications Act governs the privacy of stored communications in the United States and, *inter alia*, "permits a governmental entity to compel a service provider to disclose customer communications or records in certain circumstances." *Alexander v. Verizon Wireless Servs., L.L.C.,* 875 F.3d 243, 250 (5th Cir. 2017) (citing 18 U.S.C. § 2703). Under the SCA, there are three methods for the Government to request electronic information: (1) "a warrant issued using the procedures described in the Federal Rules of Criminal Procedure," 18 U.S.C. § 2703(a), (b)(1)(A), (c)(1)(A); (2) a "court order for disclosure" issued based on the Government's offer of "specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation," *id.* § 2703(d); and (3) "an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena," *id.* § 2703(b)(1)(B)(i), (c)(2).

In the present case, the Government requested a search warrant pursuant to Rule 41 of the Federal Rules of Civil Procedure. Movant challenges the Search Warrant (Dkt. 2) on the basis that

it is a "general warrant", Dkt. 3 at 4, and the Government responds that Movant does not have standing, *see* Dkt. 4 at 1–4. Movant filed a reply, contending he has standing to file a motion to quash under the Fourth Amendment, and that he has a "right to refuse" entry. *See* Dkt. 5 at 1–5.

The SCA grants only the provider of electronic communication services or remote computing services—not the subscriber or customer—the statutory right to file a motion to quash a search warrant. *See* 18 U.S.C. § 2703(h)(2) ("A provider of electronic communication service to the public or remote computing service, including a foreign electronic communication service or remote computing service, that is being required to disclose pursuant to legal process issued under this section the contents of a wire or electronic communication of a subscriber or customer, may file a motion to modify or quash the legal process . . . ."). The lack of a statutory right afforded to subscribers and customers to challenge a search warrant before it is executed is further evidenced in that the SCA allows the Government to execute a search warrant "without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure." *Id.* § 2703(b)(1)(A); *see also id.* § 2703(c)(3) ("A governmental entity receiving records under this subsection is not required to provide notice to a subscriber or customer."). "Thus, it is only the provider who is subject to the *search* and to whom notice . . . is due" and, as there is no meaningful interference with any possessory interests, "there is no *seizure* of 'tangible property [or] wire communication' . . . ." *In re Monitoring of Glob. Positioning Sys. Info.*, No. 22-SC-764 (ZMF), 2022 WL 17817748, at *5–6 (D.D.C. Dec. 20, 2022) (citations omitted) (emphasis in original); *see also In re Application of U.S. for Search Warrant for Contents of Electronic Mail and for Ord. Directing Provider of Electronic Commc'n Servs. to not Disclose Existence of Search Warrant*, 665 F. Supp. 2d 1210, 1224 (D. Or. 2009) ("Much of the reluctance to apply traditional notions of third party disclosure

4

to the e-mail context seems to stem from a fundamental misunderstanding of the lack of privacy we all have in our e-mails. Some people seem to think that they are as private as letters, phone calls, or journal entries. The blunt fact is, they are not."). Accordingly, if notice need not be provided to the subscriber or customer, it must stand that the SCA does not grant Movant a right to move to quash the Search Warrant (Dkt. 2). *See In re Search of Recs., Info., & Data Associated with 14 Email Addresses Controlled by Google, LLC*, 438 F. Supp. 3d 771, 774 (E.D. Mich. 2020) (internal quotations omitted) ("The design and plain language of the SCA is clear that obtaining electronic evidence via a subpoena, which requires no judicial finding, must also include notice to the subscriber. Conversely, because a warrant requires a finding of probable cause by a neutral judicial officer, no notice is required prior to the warrant's execution.").

Additionally, as a court in the Eastern District of Pennsylvania explained, "granting standing to subjects of SCA warrants to intervene would undercut Congress' goals in passing the [SCA]" as it would "turn[] the swift execution of warrants into protracted legal battles that would prevent the Government from timely resolving its investigations." *United States v. Info. Associated with Email Acct. (Warrant)*, 449 F. Supp. 3d 469, 475–76 (E.D. Pa. 2020) (citing *In re Search of Information Associated with Facebook Accounts DisruptJ20, Lacymacauley, and Legba. Carrefour that is Stored at Premises Controlled by Facebook, Inc.*, No. 17 CSW 658, 2017 WL 5502809, at *9 (D.C. Super. Nov. 09, 2017)). Thus, policy considerations also weigh against finding that Movant has standing under the SCA to challenge the Search Warrant (Dkt. 2) *ex ante*. For these reasons, the Court finds that Movant does not have standing under the SCA to file a motion to quash the Search Warrant (Dkt. 2).

Furthermore, Movant does not have standing under the Fourth Amendment to file a motion to quash the Search Warrant (Dkt. 2). The Supreme Court has instructed courts that "[t]he

Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, *ex ante*, the 'deliberate, impartial judgment of a judicial officer . . . between the citizen and the police,' and by providing, *ex post*, a right to suppress evidence improperly obtained and a cause of action for damages." *United States v. Grubbs*, 547 U.S. 90, 99 (2006) (quoting *Wong Sun v. United States*, 371 U.S. 471, 481–82 (1963)). In reliance on this language, courts have "concluded that the Fourth Amendment does not provide a chance to litigate the validity of a warrant before that warrant has been executed by the government." *In re Search of Recs., Info., & Data Associated with 14 Email Addresses Controlled by Google, LLC*, 438 F. Supp. 3d at 776 (internal quotations omitted); *see also Info. Associated with Email Acct. (Warrant)*, 449 F. Supp. 3d at 475–76 (finding the movant did not have standing to challenge *ex ante* search warrant under the SCA); *In re Search of Info. Associated With One Acct. Stored at Premises Controlled by Facebook, Inc.*, No. 21-SC-1386 (GMH), 2021 WL 2302800, at *2 (D.D.C. June 4, 2021) (collecting cases) (explaining "courts have found that account owners lack standing to challenge search warrants issued to electronic communications services under the Stored Communications Act prior to their execution . . .").

Although Movant asserts *Facebook*'s reliance on the above language in *Grubbs* was improper, *Grubbs* made clear that "neither the Fourth Amendment nor Federal Rule of Criminal Procedure 41" requires "the executing officer [to] present the property owner with a copy of the warrant before conducting his search." *Grubbs*, 547 U.S. at 98–99; *accord Schanzle v. Haberman*, 831 F. App'x 103, 106 (5th Cir. 2020) (per curiam) ("In any event, as our sister circuits have concluded, we could not recognize [a Fourth Amendment right to obtain warrant attachments] after the Supreme Court decided [*Grubbs*].") (citations omitted). The right to file a motion to quash a search warrant presupposes a right to notice before the execution of the search warrant. Because

the Fourth Amendment does not require the Government provide the Search Warrant (Dkt. 2) to Movant before the execution of the search, Movant does not have standing to challenge the search *ex ante*.

Movant does not address the lack of a constitutional *ex ante* notice requirement, but rather asserts he has standing to exercise his "right to refuse entry" by filing a motion to quash. Dkt. 5 at 4. But Movant's argument is misplaced.[3] Even if the Fourth Amendment mandated that Movant be provided notice of the Search Warrant (Dkt. 2), the Constitution does not provide Movant an *ex ante* bulwark to stop the execution of the Search Warrant (Dkt. 2). *See United States v. Wright*, 777 F.3d 635, 641 (3d Cir. 2015) ("Even if the list of items to be seized had been present at the scene, the agents would have collected precisely the same evidence, and [the defendant] *would have been unable to stop them*.") (emphasis added). Accordingly, Movant does not have either a statutory or constitutional license to engage the Government *ex ante* in a debate over the basis for the Search Warrant (Dkt. 2); rather, Movant's protection at this juncture lies with the "'deliberate, impartial judgment of [the judicial officer] . . . .'" *Grubbs*, 547 U.S. at 99 (quoting *Wong Sun*, 371 U.S. at 481–82).

Once a warrant under the SCA is issued, Movant is not left without recourse. *See Doe v. Off. of Kan. Secs. Comm'r*, No. 2:17-CV-2510-JAR-JPO, 2017 WL 5517524, at *6 (D. Kan. Nov. 17, 2017) ("The fact that the SCA does not provide a means for a customer to move to quash a

---

[3] The discussion in *Wong Sun*, the case on which Movant principally relies, referred to 18 U.S.C. § 3109, which reads: "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant." *See Wong Sun*, 371 U.S. at 482. Even if 18 U.S.C. § 3109 could be analogized to the present case—a search of Movant's emails possessed by third-party Google—the Fifth Circuit has made clear that suppression is not a remedy for such a violation; rather, the remedy is damages. *See United States v. Bruno*, 487 F.3d 304, 306 (5th Cir. 2007) (quoting *Hudson v. Michigan*, 547 U.S. 586, 589 (2006)); *United States v. Bryant*, No. 21-60960, 2023 WL 119634 (5th Cir. Jan. 6, 2023), *cert. denied*, No. 22-7217, 2023 WL 3158456 (U.S. May 1, 2023) (citing *Bruno*, 487 F.3d at 305–06). This further underscores that Movant's remedies for any alleged violation must be raised after the execution of the Search Warrant (Dkt. 2)—not before.

search warrant does not mean that an SCA search warrant is not subject to judicial review."). Movant retains the option of *ex post* filing a motion to suppress evidence if he believes the Search Warrant (Dkt. 2) was issued without probable cause or the Government's conduct was unconstitutional. *See Info. Associated with Email Acct. (Warrant)*, 449 F. Supp. 3d at 475.

Finally, as to Movant's concerns regarding privileged materials, the Court similarly finds such a challenge may readily be made *ex post* if Movant has reason to believe a violation has occurred. *See United States v. Webster*, 750 F.2d 307, 318 (5th Cir. 1984) ("'[T]he specificity required by the Fourth Amendment does not generally extend to the means by which warrants are executed'; rather, 'the manner in which a warrant is executed is subject to later judicial review.'") (quoting *Dalia v. United States*, 441 U.S. 238, 257–58 (1979)); *see also In re a Warrant for All Content & Other Info. Associated with the Email Acct. xxxxxxx gmail.com Maintained at Premises Controlled By Google, Inc.*, 33 F. Supp. 3d 386, 396–97 (S.D.N.Y. 2014), *as amended* (Aug. 7, 2014) (same).

### III.    CONCLUSION

For the foregoing reasons, the Motion (Dkt. 3) is **DENIED**.


**So ORDERED and SIGNED this 16th day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE